IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD W. REED,**

      **Plaintiff,**

v.                                                                         Case No. 3:22-CV-00885-NJR

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff's Motion for Approval of Attorney Fees filed under 42 U.S.C. § 406(b). (Doc. 30). The Acting Commissioner of Social Security ("Commissioner") neither supports nor opposes counsel's request. (*See* Doc. 30, p. 4).

Following an unfavorable decision by the Commissioner, Plaintiff filed the Complaint in this matter on May 2, 2022. (Doc. 1). On September 29, 2023, the undersigned reversed and remanded this action to the Commissioner for rehearing and reconsideration of the evidence. (Doc. 25). On remand, the Administrative Law Judge issued a favorable decision finding Plaintiff disabled and determining that Plaintiff was entitled to monthly benefits beginning in February 2020. (Doc. 30-1). Plaintiff was awarded past-due benefits of $73,739, 25 percent of which—$18,434.75—the Commissioner withheld for attorney fees, subject to court approval. (*Id.*).

Counsel now seeks this Court's approval to collect a portion of the amount withheld by the Commissioner, $11,234.75. (Doc. 30). The motion explains that another

attorney represented Plaintiff at his remand hearing and was approved for $7,200.00 in administrative fees for work performed before the administration under 42 U.S.C. § 406(a) in this case. (*Id.*). Counsel submits the fee agreement between himself and Plaintiff, which provides for a fee of 25 percent of Plaintiff's past-due benefits. (Doc. 30-2). Furthermore, counsel began representing Plaintiff in 2022 and continued his representation until achieving a favorable result for Plaintiff in September 2023 in this Court. (Doc. 30). Counsel spent 26.6 hours[1] working on this matter; thus, counsel seeks a total fee of approximately $422.36 per hour. (*Id.*; Doc. 30-3).

Under 42 U.S.C. § 406(b)(1)(A), the Court may allow a "reasonable fee" for an attorney's representation, not to exceed 25 percent of the total of Plaintiff's past-due benefits. But if the Court approves the fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A). In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $6,695.45. (Doc. 29).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreements in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

---

[1] The itemization of attorney time indicates that the total time spent on the case was 27.6 hours. But, when adding the individual items, the total hours actually amounts to 26.6 hours.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances here, including the contract between Plaintiff and counsel, the time and effort expended by counsel, the positive result received by Plaintiff, and the amount of the past-due benefits, the Court concludes that $11,234.75 is a reasonable fee. Counsel obtained a good result for Plaintiff, timely litigated the case, and there is no indication that Plaintiff was dissatisfied with counsel's representation. Furthermore, this fee is within the range of past awards approved by this Court. *See, e.g.*, *Garduno v. Acting Commissioner of Social Security*, No. 3:21-CV-00774-NJR (S.D. Ill. Jan. 22, 2025).

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees filed under 42 U.S.C. § 406(b). (Doc. 30). The Court **AWARDS** Plaintiff's counsel Cody Marvin a total fee of **$11,234.75** for his representation of Plaintiff in this matter, to be paid out of Plaintiff's past-due benefits. Counsel **SHALL** refund to Plaintiff the **$6,695.45** in EAJA fees previously awarded.

**IT IS SO ORDERED.**

DATED: April 22, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**